Henry Epstein, J.
The City of New York by this action seeks to permanently enjoin and restrain the defendants from allowing and permitting the storage and hiring out of any part of the garage space in the buildings situate at 345 West 58th Street, and 30 West 60th Street, Borough of Manhattan, to transients.
*764 As part of the redevelopment plan for the Columbus Circle Area an agreement was entered into between the City of New York and Columbus Circle Apartments, Inc., dated January 15, 1953, and on November 17, 1953 the land was deeded to the aforesaid corporation. The Columbus Circle Apartments, Inc., changed its name to Circle Land Corp. and then conveyed the southerly half of the project to an affiliated corporation known as Columbus Circle Land Corporation. Circle Land Corp. then leased the northerly half of the premises to another affiliated corporation known as Columbus Circle North, Inc., and Columbus Circle Land Corp. leased the southerly half of the site to Columbus Circle South, Inc., also an affiliated corporation. The subsidiary and affiliated corporations assumed all the terms, covenants and conditions of the contract and on June 28, 1958 the Board of Estimate adopted a resolution approving the assumption agreement.
The garage underneath the project is partly in the area subject to the control of Columbus Circle North, Inc., and partly in the area subject to the control of Columbus Circle South, Inc. On August 14,1957, Columbus Circle North, Inc. and Columbus Circle South, Inc. leased the garage space to Coliseum Park G-arage, Inc.
At the time the city entered into the agreement with the defendants, section 60 (subd. 1, par. b) of the Multiple Dwelling Law prohibited transient parking for any period of less than one month by nonoccupants in garages in multiple dwellings. In 1957, section 60 (subd. 1, par. d) of the Multiple Dwelling Law was added to permit cities to enact local legislation to permit transient parking in multiple dwelling garages, for a period of less than one month by nonoccupants. In 1959, section 60 (subd. 1, par. d) was further amended to permit transient parking, provided an exception or variance was granted by the duly constituted planning or appeals board of the city.
The defendants applied to the Board of Standards and Appeals for such a variance and on September 15,1959 the board adopted a resolution granting the application for the variance.
The agreement between the City of New York and Columbus Circle Apartments, Inc., contains the following provision:
‘1 302. The sponsor shall clear the Housing Site and construct the project in accordance with the following provisions:
“ The housing project shall consist of fireproof multiple dwellings together with such garage, cultural and recreational facilities as are deemed reasonable incident thereto, all as shown upon the plans annexed hereto, as Schedule A> The development may include an underground garage or garages as *765 indicated in the plans. Such car space shall be rented first to tenants of the residential buildings, and to others if space is available.” (Emphasis supplied.)
It is contended by the city that the renting of space for transient parking is a violation of the restrictive covenants in the agreement and lease executed by it and defendants. Additionally the city says that such transient use by defendants would require an amendment of the redevelopment plan plus approval by the Federal Housing and Home Finance Agency.
The nub of the city’s argument rests on the interpretation of the word “rented” in section 302. Plaintiff stresses that “ renting to others ” means the successive payments by tenants of the residential buildings involved and if space remains, to other residential tenants in the neighborhood, of a particular piece of land (specific location in the garage) and then only when the tenant parks his car himself and keeps the key. The storage of transient cars by the defendants creates the relationship of bailor and bailee for hire and this the city claims is not a renting and therefore a violation of the contract. Such distinctions may have significance in determining liability under contracts of storage of automobiles but they do not affect the right in the first instance to store the car.
It would require strained reasoning indeed to find empathy with the city’s position. Words in a contract should be construed strictly against the party who prepared them and subjective reasoning should not be translated into rules of law. If the city had devoted as much time and effort to the preparation of the agreement and deed as it now does to this case it could have found clear language to prevent the renting of garage space to transients.
The words of section 302 as emphasized above do not lend themselves to any other construction than that advanced by defendants. “ Others ” means parties other than residents subject to the restrictions of the Multiple Dwelling Law and “ rented ” means the charge made to “ others ” for the space occupied.
The final point of plaintiff’s brief suggests the real reason for this action (though not a justification therefor). It was an attempt to prevent the defendants from competing with the garage in the Coliseum from which the city expects large revenues. As indicated above, if they sought such protection from competition they should have so provided in the agreement and deed. It is interesting to note that the authority under which the Triborough Bridge and Tunnel Authority operates the garage in the Coliseum is identical to that afforded the *766 defendants here. The inconsistency of the city’s position is apparent upon comparison of the two provisions.
Judgment is directed in favor of the defendants dismissing the complaint.